# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CATHY JORITZ, | ) |
| :--- | :--- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-230 Erie |
| | ) |
| EDINBORO UNIVERSITY OF | ) |
| PENNSYLVANIA | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff Cathy Joritz brings this action against defendant Edinboro University of Pennsylvania for sex discrimination (Count I), sexual harassment (Count II), unlawful retaliation (Count III), and sex stereotyping (Count IV) all in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* of the Civil Rights Act of 1964, as well as for a breach of contract (Count V) under Pennsylvania law.

Presently pending before the Court is a defendant's Motion to Dismiss (Doc. 12) and plaintiff's response thereto. Defendant argues that Counts I through IV of the Complaint are time-barred. Attached to plaintiff's response are numerous documents in support of her argument that this action was timely filed, including copies of emails and other correspondence with the EEOC prior to and after its issuance of a right to sue letter, which call into question when Joritz had "notice" of the fact that the EEOC had issued the right to sue letter.

The rule in evaluating a motion to dismiss is that if, on a motion to dismiss, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be

given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed. R. Civ. P. 12(b); accord Rose v. Bartle, 871 F.2d 331, 340-42 (3d Cir.1989).

The Third Circuit has cautioned that express notice should generally be given before the Court converts a motion to dismiss into one for summary judgment. See, e.g. In re Rockefeller Ctr. Prop., Inc. Secs Litig., 184 F.3d 280, 288 (3d Cir.1999). We therefore are putting the parties on notice that we intend to treat defendant's motion to dismiss as to Counts I through IV as a motion for summary judgment.

AND NOW, to-wit, this __14th__ day of April, 2008, IT IS HEREBY ORDERED THAT Defendants' motion to dismiss (Doc. 12) will be converted into a motion for summary judgment with respect to Counts I through IV. Resolution of Defendant's motion will be adjourned for twenty-one days in order to provide the parties with proper notice of the conversion and the opportunity to present their proofs to support their respective positions.

IT IS FURTHER ORDERED THAT insofar as plaintiff concedes that Count V of the Complaint should be dismissed on the grounds of Eleventh Amendment immunity, and has voluntarily withdrawn that claim, the Motion to Dismiss is denied as moot with respect to Count V. Count V of the Complaint is hereby DISMISSED WITH PREJUDICE.

                                                  Maurice B. Cohill, Jr.
                                                  Senior United States District Court Judge

cc: counsel of record