# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CATHY JORITZ, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-230 Erie |
| | ) | |
| EDINBORO UNIVERSITY OF | ) | |
| PENNSYLVANIA | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Plaintiff Cathy Joritz brings this action against her former employer, defendant Edinboro University of Pennsylvania ("the University"), for sex discrimination (Count I), sexual harassment (Count II), unlawful retaliation (Count III), and sex stereotyping (Count IV) all in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e et seq. Presently pending before the Court is defendant's Motion to Dismiss (Doc. 12) and plaintiff's response thereto.

Defendant argues that Counts I through IV of the Complaint are time-barred. By order dated April 14, 2008, we notified the parties that the motion to dismiss would be converted into a motion for summary judgment, the parties having relied in their briefs upon matters outside the pleadings. In re Rockefeller Ctr. Prop., Inc. Secs Litig., 184 F.3d 280, 288 (3d Cir.1999). The parties have submitted additional statements of material facts and/or affidavits in support of their respective positions. For the reasons stated herein, we will deny the defendant's motion.

1

## I. Background

The relevant facts as to the statute of limitations issue are undisputed.

The allegations in the complaint are as follows. Plaintiff began working for the University as a tenure-track professor in the university's animation section beginning in 2003. Complaint ¶ 6. As a tenure-track professor Ms. Joritz' contract presumed contract renewal absent some cause to the contrary. Complaint ¶ 7. Ms. Joritz alleges that shortly after beginning her employment, she noticed a distinctly pro-male bias on the part of her all-male peer group in the animation area. Complaint ¶ 8. She further alleges that she encountered various instances of grossly offensive, sexually based material in the public areas of the animation classrooms, computers, and drawn on the wooden light tables in the animation area. Complaint ¶ 9.

Plaintiff further alleges that she brought these offensive materials to the attention of her peers and university administration, and that little was done to remedy the situation. Complaint ¶¶10-14. She alleges that her departmental superiors and peers began to retaliate against her, denying her access to opportunities and duties commensurate with her position and vital to her ability to compete for tenure. Complaint ¶ 20. Such alleged retaliation included, inter alia, slandering her and demeaning her to her peers and to the students, excluding her from participation in key departmental functions and decisions, and manufacturing allegations of errors and/or policy violations. Complaint ¶ 20. Ultimately, at some unspecified time thereafter, Ms. Joritz' contract was not renewed; the University's notice to her cited her inability to get along with her peers and/or follow university procedures. Complaint ¶ 18.[1]

Joritz filed a charge of discrimination with the Equal Employment Opportunity

---

[1]The Complaint contains duplicative paragraphs numbered 15, 16, 17, 18, 19, and 20.

2

Commission (EEOC) in December 2005.[2] The charge appears to have been investigated and handled by the Cleveland Field Office of the EEOC. On the General Information Questionnaire, Ms. Joritz listed her address as "102 Pine Street, Edinboro, PA 16412." Soon after the charge was filed, the plaintiff and various EEOC employees exchanged numerous emails. For example, on January 31, 2007, EEOC investigator Luisa Burgos sent Ms. Joritz an email stating that she had "attached a letter to this email. Please advise if you do not receive it." The letter was dated January 30, 2007, and informed plaintiff that she had until February 8, 2007 to provide the EEOC with additional specific evidence or her charge would be dismissed. The letter further explained that if the charge of discrimination was dismissed, the dismissal notice would describe her right to pursue the matter by filing a lawsuit in federal court within 90 days of receipt of the notice.

On February 7, 2007, Ms. Joritz faxed a letter to EEOC Field Office Director Daniel Cabot acknowledging receipt of Ms. Burgos' letter dated January 30, 2007, and notifying him that she wanted to provide the EEOC with additional input and evidence by way of rebuttal to defendant's responses to the EEOC's investigation. She informed him as follows:

> I am currently studying abroad which makes things more difficult, as I do not have access to all my records. I will not be able to return to the U.S. until late July 2007. Please take into consideration my situation and postpone terminating the investigation.

She then asked if the 90-day statute of limitations would be tolled while she was out of the country. She further stated, "Please note that I am no longer receiving mail at the Pennsylvania

---

[2]Under Title VII, once a charge of discrimination in employment has been filed, the EEOC is required to investigate the charge and the complainant must allow at least 180 days for the investigation to proceed. If, after 180 days, the EEOC has not resolved the charge, it must notify the complainant, generally through the issuance of a "right-to-sue letter," in which it states that it sees no reason to take further action. 42 U.S.C. § 2000e-5(f)(1). After 180 days, the complainant on her own may also request a right-to-sue letter, which the EEOC must issue promptly. 29 C.F.R. § 1601.28(a) (1).

3

Jefferson Street address."

Later that same evening Cabot replied via email to Ms. Joritz' faxed letter: "We are unable to hold dismissal of your case until you return from Europe in July of 2007. The statue [sic] is not tolled because you are out of the country. Can you provide us with a rebuttal by February 28, 2007?"

Plaintiff replied by email to Cabot on February 12, 2007, stating:

> Feb. 28 is not possible as I do not have access to the records which would help me form an appropriate and accurate reply. May I have until March 31? That would be a more realistic deadline. Please bear in mind that I was initially given less than 1 week in which to respond. Even if I weren't continuing my studies in Germany that deadline would . . . have been extremely difficult, if not impossible, to keep."

Cabot replied by email that same day, indicating that he would agree to a deadline of March 31, 2007 for Ms. Joritz to provide additional information. He explained, "If by close of business that day no further information is received by [sic] you we will then close your case."

On March 31, 2007, Ms. Joritz emailed a 13-page letter to the EEOC in an attempt to rebut certain of the University's claims and assertions as to the investigation. In the letter, addressed to Burgos, Cabot and Marlene Perkins at the EEOC, Ms. Joritz offered additional evidence in support of her charge of discrimination. She reminded them: "As you know, I am in Germany and do not have access to all of my records . . ."

A notice of right-to-sue letter was issued by the EEOC on April 20, 2007 and was mailed to "102 Pine Street, Edinboro, PA 16412." Ms. Joritz denies having received this letter. In fact, Ms. Joritz emailed Burgos, Perkins and Cabot on May 14, 2007; her email clearly indicates she had no knowledge of a right to sue letter. In the email, she referred to her March 31, 2007 rebuttal letter, and stated, "I am concerned because I have not received a response from your

4

office yet. Please confirm that you received my rebuttal, which was dated March 31, 2007 and emailed the following buisiness [sic] day." She asked that the EEOC further investigate certain aspects of her charge, and inquired, "Has the EEOC looked into the additional evidence I sent? Have I been granted more time to listen to the meetings recordings, as requested? If so, how much more time?" In closing, Ms. Joritz asked the EEOC to "[p]lease respond to my inquiries and confirm that the EEOC is indeed receiving my emails. Hard copy correspondence should be sent to the following address ONLY:

> Cathy Joritz
> Stern Str. 42
> D-44137 Dortmund
> Germany

She further instructed, "Also, please email me any letters which you send to me via post. I will confirm the arrival of both digital and hard copy documents." On May 14, 2007, Cabot responded by email, informing Ms. Joritz that he had forwarded her email "to the assigned Investigator for comment and review." Ms. Joritz emailed Cabot on May 16, 2007, "Ok - thanks."

On May 21, 2007, Cabot emailed a subsequent response to plaintiff, stating, "Please note that this file was closed on April 20, 2007. . . . a dismissal notice was sent to your address in America at 102 Pine Street in Edinboro, PA. This was the address you had provided us in a prior email." The University has not provided the Court with a copy of this alleged email.

On May 30, 2007, Ms. Joritz sent Cabot, Perkins, and Burgos a lengthy email, which was carbon copied to Randi Barnabee, stating:

I am perplexed and disturbed by your email dated 5/21/07.

You stated that my case had been closed on April 20, 2007 and that "all

5

> information provided to date was considered." Unfortunately, I have still not
> received a copy of the letter you mentioned. Obviously I cannot initiate any legal
> action in the federal courts without the EEOC letter granting me permission to do
> so. If it would make it any easier for you to get the letter to me, I have retained an
> attorney in your locale to represent me in this matter. Her name is Randi A.
> Barnabee, and she is located at 100 Willis Street, Bedford, Ohio 44146, Office
> phone: (440) 786-1910, Fax: (440) 786-2010. I authorize you to make service of
> any and all correspondence or other documents and records to her on my behalf at
> that address. Please feel free to call her as well.

As far as we can ascertain, this is the first time Ms. Joritz notified the EEOC that she was engaging an attorney. In her email, she also reminded Cabot that she had made multiple inquiries of the EEOC and said that, "to date I have received nothing." The notice of right to sue was received via fax by attorney Randi Barnabee on May 31, 2007. Attorney Barnabee entered her appearance in this matter pro hac vice on January 14, 2008.

The University does not offer any evidence in support of or even argue that Ms. Joritz had actual receipt of the right to sue letter prior to May 31, 2007.

Ninety days from April 23, 2007 (as explained infra, the presumptive date that the right to sue letter was "received") is July 22, 2007; ninety days from May 21, 2007 (the date of Cabot's email in which he stated that the case had been "closed") is August 19, 2007; ninety days from May 31, 2007 (the date plaintiff's counsel received the notice of right to sue via fax) is August 29, 2007.

Plaintiff filed this action on August 29, 2007.

## II. Summary Judgment Standard

Summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Childers v. Joseph, 842 F.2d 689 (3d Cir. 1989). "Rule 56 mandates the entry of summary judgment, after

6

adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A court considering summary judgment must examine the entire record in the light most favorable to the nonmoving party, and draw all reasonable inferences in its favor. Anderson v. Liberty Lobby, 477 U.S. 242 (1986). The court must not engage in credibility determinations at the summary judgment stage. Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 643 n. 3 (3d Cir. 1998) (quoting Fuentes v. Perskie, 32 F.3d 759, 762 n. 1 (3d Cir. 1994)).

The moving party bears the initial responsibility for demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 325. This burden may be met by showing that there is an absence of evidence to support the non-moving party's case. Id. at 325. However, once the moving party has properly supported its motion, the opponent must provide some evidence that a question of material fact remains for trial. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). To meet this burden, the non-moving party may not rest upon mere allegations, general denials, or vague statements. Bixler v. Central Penn. Teamsters Health & Welfare Fund, 12 F.3d 1292 (3d Cir. 1993). The party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." Matushita, 475 U.S. at 486. In other words, the non-moving party must go beyond the pleadings and show, through its own affidavits or by the depositions, answers to interrogatories and admissions on file, the specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

## III. Discussion

Defendant argues that plaintiff's claims are time barred because the present complaint was not filed within the 90 days from the notice of the EEOC's dismissal of the underlying administrative action. Specifically, defendants note that:

> As a prerequisite to filing suit in federal court under Title VII, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and must receive from the EEOC a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); Trevino-Barton v. Pittsburgh Nat'l Bank, 919 F.2d 874, 879 (3d Cir.1990). The plaintiff then has ninety (90) days from the date on which he or she receives the letter to file a civil action in federal court. Mosel v. Hills Dep't Store, 789 F.2d 251, 253 (3d Cir.1986) (holding plaintiff's complaint untimely because filed 91 days after receipt of right-to-sue letter). It is presumed that the date of receipt of a right-to-sue letter is three days after its mailing. See Fed. R. Civ. P. 6(e); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n. 1 (1984). "The ninety-day filing period acts as a statute of limitation in Title VII cases and cannot, in the absence of equitable considerations, be extended even one day." Montecalvo v. Trump's Taj Mahal Casino, C.A. No. 97-3876, 1997 U.S. Dist. LEXIS 19199, at *3 (E.D. Pa. Nov. 26, 1997) (citing Mosel, 789 F.2d at 253; Hicks v. Arthur, 843 F. Supp. 949, 956 (E.D. Pa.1994)).

Griffith v. Philadelphia Prison Systems, 2001 WL 876804, *4 (E.D. Pa. 2001).

In its brief in support of its motion to dismiss, the defendant relies upon Seitzinger v. Reading Hosp. and Medical Center, 165 F.3d 236 (3d Cir. 1999), in which the court noted that the Federal Rules presume that a party receives a document three days after it was mailed, see Fed. R. Civ. P. 6(e), to ensure that the plaintiff has the benefit of the full ninety-day period when the date of actual receipt is unknown. By defendant's calculation, because Joritz has acknowledged that the right-to-sue letter was issued on April 20, 2007, she presumably would have received this letter on April 23, 2007, rendering her filing of the complaint in this court on August 29, 2007 beyond the 90 day limit. Thus, the University argues Joritz's Title VII claims are time-barred.

8

"The on-set of the 90-day period is generally considered to be the date on which the complainant receives the right-to-sue letter." Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir.2001) (citations omitted). The 90-day filing period is not a jurisdictional requirement. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Rather, it is treated as a statute of limitations. Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 176 (3d Cir.1999). The Court of Appeals for the Third Circuit has held that raising this issue is an affirmative defense and that the burden of proof "rests solely on the employer." Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 108 (3d Cir. 2003) (citation omitted). "Proof of the expiration of the statute of limitations requires proof of the lawful start of the limitations period." Id. Thus, in Ebbert, when the employer asserted that the plaintiff had received oral notice that the EEOC had decided to end its investigation and that she had 90 days in which to bring suit, it had the burden of demonstrating these facts, but the evidence it presented was insufficient to meet its burden. Id. at 116-17.

The regulations provide that: 1) a charge of discrimination should contain the full name, address and telephone number of the person making the charge, 29 C.F.R. § 1601.12(a)(1); 2) the person claiming to be aggrieved has the responsibility to provide the EEOC with notice of any change of address and notice of any prolonged absence from that current address so that she can be located when necessary during the investigation, 29 C.F.R. § 1601.7(b); and 3) the EEOC shall send the person claiming to be aggrieved notice of her right to sue, 29 C.F.R. § 1601.28.

In response, Joritz argues that the EEOC did not provide actual and legally sufficient notice to her until May 31, 2007, when the right to sue letter was served by fax on her attorney, Randi Barnabee. She argues that under the facts and circumstances of this case, equity and

9

fairness override the mailbox rule presumption. She notes that given the "clearly and consistently established pattern and practice of communicating via the email, especially in light of the EEOC's knowledge that Plaintiff was out of the U.S. and was not due to return until July of 2007, it was not unreasonable for Plaintiff to anticipate that if and when a Notice Letter was issued it would be sent to her by email." Pl.'s Mem. In Resp. (Doc. 20) at 4.

The Court of Appeals has stated that:

> Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances. The case law is instructive. The Supreme Court has held that equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). In United States v. Midgley, 142 F.3d 174 (3d Cir.1998), we expressed a willingness to invoke equitable tolling in a number of other circumstances: when the defendant has actively misled the plaintiff; when the plaintiff "in some extraordinary way" was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum. See id. at 179; Oshiver [v. Levin, Fishbein, Sedran & Berman], 38 F.3d [1380,] 1387 [ (3d Cir.1994) ]. See also Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir.1998) (equitable tolling is an appropriate remedy when principles of equity would make a rigid application of the statute of limitations unfair); Shendock v. Office of Workers' Compensation Programs, 893 F.2d 1458, 1462 (3d Cir.1990) (same).

Seitzinger, 165 F.3d at 240 (other citations omitted).

A plaintiff who seeks to invoke equitable tolling must take action, however: "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County, 466 U.S. at 151. Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). Indeed, a number of courts have found that a plaintiff's failure to take action during the 90-day period precludes her from invoking the

10

doctrine of equitable tolling. See Nelmida, 112 F.3d at 385 (when plaintiff had more than ten weeks after receiving the right-to-sue letter but took no action, she could not avail herself of equitable tolling); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir.1987) (when plaintiff knew of the right-to-sue letter within six days of its arrival, he had 84 days in which to bring suit and he failed to show why this was not enough time). See also Million v. Frank, 47 F.3d 385, 389 (10th Cir.1995) (when plaintiff's wife received the letter but he did not look at it until six days later, he still had 24 days in which to file suit pursuant to the 30-day filing requirement then applicable to federal employees, 42 U.S.C. § 2000e-16(c), and he was not entitled to equitable tolling).

In Seitzinger, the plaintiff did not recall the date she received the right-to-sue letter and she offered only one piece of evidence to rebut the Rule 6(e) presumption that she received it on June 18, 1995 (three days after it was mailed): the defendant received its copy on June 19, 1995. The court did not decide whether this evidence was sufficient because, even if she had received the right-to-sue letter on June 19, her complaint was still untimely filed. Id. Nevertheless, the plaintiff repeatedly asked her lawyer to make sure that he timely filed the complaint, but the lawyer affirmatively lied to her when he assured her that he had filed it, when in fact he had not. The court found this misbehavior on the attorney's part, combined with the diligence on Seitzinger's part, sufficient to toll the statute of limitations. 165 F.3d at 241-42.

In Ebbert v. DaimlerChrysler Corp., 319 F.3d 103 (3d Cir. 2003), plaintiff brought an action against her former employer for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 (2000) et seq. ("ADA"). The District Court granted summary judgment to the defendant on the ground that Ebbert's complaint was untimely filed. Ebbert v.

11

DaimlerChrysler Corp., 192 F. Supp.2d 303 (D. Del.2002). The District Court based its decision on both the lapse of time and finding her ineligible for equitable tolling. Id. at 309. On appeal, the issue before the court was what constitutes sufficient notice under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) (2000), to start the 90-day limitations period.[3] The court held that "the statute is clear that a dismissal by the EEOC followed by notice to the person aggrieved are the two events that together start the statute of limitations period." Ebbert, 319 F.3d 103. Clear notification that the ninety day period has begun to run is required for the communication to function as proper notice to the plaintiff. Id.

It is clear, both in this circuit and elsewhere-the 90-day statute of limitations starts "when either the claimant or [his] attorney receives a right-to-sue letter, whichever is earlier." Seitzinger, 165 F.3d 236, 239 n. 1; see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 92, (1990) (affirming Fifth Circuit's interpretation of 42 U.S.C. § 2000e-16(c) "that a notice of final action is 'received' when the EEOC delivers its notice to a claimant or the claimant's attorney, whichever comes first"); Burgh, 251 F.3d at 470 ("The on-set of the 90-day period is generally considered to be the date on which the complainant receives the right-to-sue letter."); Reschny v. Elk Grove Plating Co., 414 F.3d 821, 823 (7th Cir.2005) ("[T]wo types of receipt of a notice [of final action] can start running the 90-day limitation period, and each does so equally well: actual receipt by the plaintiff, and actual receipt by the plaintiff's attorney, which constitutes constructive receipt by the plaintiff.").

We invoke the doctrine of equitable tolling and find that plaintiff's complaint was timely

---

[3]The ADA incorporates by reference Title VII's "powers, remedies, and procedures." 42 U.S.C. § 12117 (2000). The relevant parts of Title VII are then codified at 42 U.S.C. § 2000e-5(f)(1).

filed. She notified the EEOC that she was no longer able to receive mail at the Edinboro, Pennsylvania address and appears to have been extremely diligent in pursing her claim during the investigative phase. On March 31, 2007, she reminded the EEOC of her prolonged absence from the country: "As you know, I am in Germany and do not have access to all of my records . . ." Ms. Joritz emailed Burgos, Perkins and Cabot on May 14, 2007, referred to her March 31, 2007 rebuttal letter, and stated, "I am concerned because I have not received a response from your office yet. Please confirm that you received my rebuttal, which was dated March 31, 2007 and emailed the following buisiness [sic] day." In that same email she asked the EEOC to "[p]lease respond to my inquiries and confirm that the EEOC is indeed receiving my emails" and then she gave the EEOC her address in Germany. Instead, three weeks later EEOC mailed the right to sue letter to the Edinboro address.

On May 21, 2007, although the EEOC was on notice that Ms. Joritz had a new address in Dortmund, Germany, Cabot emailed a subsequent response to plaintiff, stating, "Please note that this file was closed on April 20, 2007. . . . a dismissal notice was sent to your address in America at 102 Pine Street in Edinboro, PA. This was the address you had provided us in a prior email." The University has not provided any evidence of this alleged prior email and regardless, the EEOC clearly had notice of the plaintiff's address in Dortmund, Germany three weeks prior to the issuance of the right to sue letter. For whatever reason, after learning that Ms. Joritz had not received anything from the EEOC, rather than attaching the notice of right to sue letter to the May 21, 2007 email so that Ms. Joritz could receive it in Germany, the EEOC instead opted to wait it out.

Ms. Joritz's diligence continued: having been told that her case was "closed" – which we find is not the same as being told that a right to sue letter has been issued – she hired an attorney in

13

the United States to help her receive the notice of right to sue. Ms. Joritz clearly was under the impression that without the hard copy version of the right to sue, whether it be by email attachment to herself (which would have been consistent with the EEOC's pattern of behavior prior to that time) or by fax to her attorney, she could not file her complaint in federal court.

In Ebbert, the Third Circuit reversed the trial court's grant of summary judgment and held that even though the plaintiff had oral notice of the issuance of the right to sue letter, the defendant had not proven "complete" oral notice and therefore, the doctrine of equitable tolling applied. The court stated:

> In this case, oral notice was just as complete as written notice in all respects except one. *There is no proof that Ebbert knew when the 90-day statute of limitations period would start as a result of her phone conversations with the EEOC.* More specifically, no evidence shows that Ebbert was told or otherwise knew the 90 days would start running from the date of the conversation. DaimlerChrysler had the burden or proving the oral notice was as comprehensive as the written version and, in particular, that it included an explanation of the "start date."

319 F.3d at 116-117 (emphasis added). Likewise, when Ms. Joritz was told via the May 21, 2007 email that her case was "closed", she was never told that the right to sue letter had been issued, and as the Ebbert court held, that the statute of limitations period would start as a result of the receipt of that email. The University simply has not met its burden by showing that notice to Ms. Joritz, prior to the faxed letter to her counsel, was comprehensive and complete.

In Ryczek, v. Guest Servs., Inc., 877 F. Supp. 754, 758 (D. D.C. 1995), the court held that when the EEOC was informed of plaintiff's new address but failed to send mail there, failure to receive notice was due to events beyond her control. When a plaintiff can demonstrate that she failed to receive the right to sue letter because of "fortuitous circumstances," "events beyond [her] control" or "no fault" of her own, the limitations period may be tolled. Lewis v. Conners Steel Co., 673 F.2d 1240, 1243 (11th Cir.1982) (quoting Franks v. Bowman Transp. Co., 495 F.2d 398, 404-05 (5th Cir.1974), rev'd

14

on other grounds, 424 U.S. 747 (1976). Ms. Joritz's claim is entitled to equitable tolling because principles of equity would make a rigid application of the statute of limitations unfair.

## IV. Conclusion

For the forgoing reasons, we find that plaintiff's claim is not time-barred and we deny defendant's motion for summary judgment. An appropriate order will be entered.

Date: June 23, 2008

Maurice B. Cohill, Jr.
Senior United States District Court Judge